Charles Alfred GAINES, Plaintiff-Appellee,

v.

DIXIE CARRIERS, INC., Defendant-Appellee,

v.

PLOTKIN, SAPIR & BRADLEY, Intervenor-Appellant.

No. 29786

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1970.

---

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409 Part I.

Steven R. Plotkin, Owen J. Bradley, Shirley A. Basile, New Orleans, La., for intervenor-appellant.

Richard M. Mathews, New Orleans, La., for Charles Alfred Gaines.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The law firm of Plotkin, Sapir & Bradley, a partnership, appeals from the lower court's dismissal of its petition to intervene in litigation between Charles Alfred Gains and Dixie Carriers, Inc. We think that the district court erred in not permitting intervention, and we therefore reverse.

On May 6, 1969, Charles Gaines appeared at the appellant's law offices to discuss a Jones Act and maritime claim for injuries received about May 1, 1969. Mr. Gaines signed a contingent fee contract which provided that the appellant law firm was entitled to an interest in the present suit of one-third of all amounts collected by settlement, forty percent of any judgment obtained and fifty percent of judgment after appeal. The contract provided that neither party could dispose of the claim without the written consent of the other party. Suit was filed in the district court on June 5, 1969.

After members of the appellant firm allegedly spent considerable time work-

ing on the Gaines claim, Gaines on July 31, 1969, attempted to discharge his counsel and substituted another law firm as counsel. Appellant contends that the dismissal was without reason or cause. Subsequent to the dismissal appellant filed in the district court a motion to intervene in the action in order to protect its claimed interest in the attorney's fees. The district judge dismissed the intervention on May 5, 1970, and this appeal was taken.

Rule 24, F.R.Civ.P. permits intervention

"* * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties".

■ We think it clear that the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc., and is so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest. Neither of the existing parties is concerned with protecting the appellant's interest. Peresipka v. Elgin, Joliet and Eastern Railway Company, 7 Cir. 1956, 231 F.2d 268; Continental Casualty Company v. Kelly, 1939, 70 App.D.C. 320, 106 F.2d 841. See also L.S.A.–R.S. 37:218.

It appears that subsequent to the taking of this appeal the action between Gaines and Dixie Carriers was settled by agreement for $40,000.00 with the consent of all of the parties including the appellant. However, in the motion for approval of the settlement by the district court, the parties recognized that this dispute over attorney's fees was pending, and accordingly requested that the court release to Gaines $25,849.-17 of the settlement with the remainder to be retained in the registry of the court pending our determination. In this posture the matter may be quickly and efficiently proceeded with on remand.

■ Appellee's brief suggests that the case having been dismissed by joint consent the intervention falls with it, there being no case open in which appellant can now intervene. There is, nevertheless, a res, the $14,150.83 held in the registry of the district court, which must be allocated as law and justice require between Gaines' former and present counsel. This seems to us sufficient.

■■ We also reject appellee's position that jurisdiction is absent since no diversity is now present between the attorneys who claim the funds in the registry. Appellee says the registry funds should be transferred to the registry of the Civil District Court in New Orleans for further litigation. This overlooks the familiar principle that diversity jurisdiction is determined as of the commencement of the action. Louisville, N. A. & C. R. Co. v. Louisville Trust Co. (1899) 174 U.S. 552, 19 S.Ct. 817, 43 L. Ed. 1081; 1 Barron & Holtzoff (Wright Ed.) Sec. 26 n. 91, and cases there cited; Law of Federal Courts, Wright, 2d Ed., Sec. 28, page 93 n. 2. Once attached it continues to final disposition of all matters properly before the court, regardless of changes in citizenship of parties, or changes in parties brought about by intervention or substitution. Wichita R. & Light Company v. Public Utilities Commission of the State of Kansas (1922) 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124 (intervention); Hardenbergh v. Ray (1894) 151 U.S. 112, 14 S. Ct. 105, 38 L.Ed. 93 (substitution); and cases cited 1 Barron & Holtzoff (Wright Ed.) page 26, n. 90.

Upon remand the district court is directed to reinstate the intervention and dispose of the issues raised thereunder.

Reversed and remanded.