Richard M. STOCKTON and Phyllis I. Stockton, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant,

Conrad H. Goerl, Intervenor-Appellee.

No. 73-2190.

United States Court of Appeals, Ninth Circuit.

March 14, 1974.

James Joseph Lewis, of Pistone, Schatz, Slavett, Lewis & Smith, Encino, Cal., for plaintiffs-appellants.

Richard S. Berger, Frank C. Christl, of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for intervenor-appellee.

## OPINION

Before WRIGHT, KILKENNY and WALLACE, Circuit Judges.

Eugene A. WRIGHT, Circuit Judge:

May an attorney in a tax refund suit intervene under Fed.R.Civ.P. 24(a)(2) to assert a claim for attorney's fees? The district court granted leave to intervene, and we reverse. Intervention was improper under the facts of this case and the judgment awarding a fee to the intervenor must be vacated.

Mr. and Mrs. Stockton retained attorney Goerl in 1969 to represent them in an action for a tax refund. A successful suit resulted in a judgment in September 1971 for $105,445.66. Thereafter, Debtor Reorganizers, Inc., as assignee of creditors of the Stocktons, sought to intervene, but leave was denied on October 18 and Debtor Reorganizers appealed. It then moved for a stay of execution of judgment until its appeal was determined.

At a hearing on November 29, the district court expressed concern that a stay might delay Goerl in receipt of his fee, and Mr. Stockton advised the court that a fee of one-third of the judgment was owing to Goerl. The court orally directed the government to pay Goerl that amount and the remainder of the judgment to be paid to the clerk pending the appeal by Debtor Reorganizers. The order was never reduced to writing, and Goerl's fee was not paid to him.

We dismissed the appeal, and the district court was so notified on June 1, 1972. The Stocktons and Goerl then disagreed over the amount of the fee. In contemplation that the entire judgment would shortly be paid to the Stocktons, Goerl moved the court unsuccessfully to reduce to writing and enforce its earlier order of November 1971.

Goerl and the Stocktons then entered into an agreement concerning the disposition of the judgment pending a resolution of the fee dispute. It provided that two-thirds of the judgment be paid to the Stocktons and one-third be held in trust by Stocktons' new counsel pending a final determination of the amount of Goerl's fee. This stipulation was adopted by the court in the form of an order on October 19, 1972.

On November 2, Goerl again moved to have the district court's oral order of November 29, 1971, reduced to writing and enforced. In the alternative, and for the first time, Goerl moved for leave to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2). The Stocktons resisted the motion to intervene. The district court denied Goerl's motion to enforce the earlier order but did grant him leave to file a complaint in intervention. After a jury trial, Goerl was awarded $34,148.55 and Stocktons' appeal followed.

Fed.R.Civ.P. 24(a) provides for intervention of right:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

To intervene under this rule, Goerl must meet its four requirements: (1)

his motion for intervention must have been timely; (2) he must have an interest in the subject matter of the action; (3) his interest must be impaired by a disposition of the action without his intervention; and (4) existing parties must not adequately represent his interest. *See* Nuesse v. Camp, 128 U.S.App. D.C. 172, 385 F.2d 694 (1967); Edmondson v. Nebraska ex rel. Meyer, 383 F.2d 123 (8th Cir. 1967); Moore's Federal Practice, ¶ 24.09–1.

Goerl's putative interest in the principal litigation is that if the judgment fund is dissipated, he may not be able to recover his fee. Clearly, none of the existing litigants adequately represents his interest. But the Stocktons challenge Goerl's intervention on the basis that he has not met any of the other three requirements for intervention under Rule 24(a)(2). We need examine only one of those requirements, No. (3), *supra,* to conclude that Goerl should not have been permitted to intervene as a matter of right.

■ To intervene as a matter of right, Goerl must be "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect [his] interest." As a result of the 1966 amendment to Rule 24, Goerl no longer must show that his interest would be prejudiced by the res judicata effect of the judgment in the principal suit. It is enough that his interest is practically impaired. *Compare* Atlantis Development Corp. v. United States, 379 F.2d 818 (5th Cir. 1967), *with* Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). But even after the 1966 amendment, if the intervenor's interest would not even be practically impaired by the judgment in the principal case, there is no right of intervention under Rule 24(a)(2). *See* Edmondson v. Nebraska ex rel. Meyer, 383 F.2d 123 (8th Cir. 1967).

■ When Goerl moved for leave to intervene, his interest in the judgment fund of the principal litigation [that it not be dissipated prior to his collecting his fee] was adequately protected by the agreement of October 19, 1972. Since the court ordered payment of one-third of the judgment to be held by the Stocktons' new attorney pending a resolution of the fee dispute, a final judgment in the principal case would not impair Goerl's ability to protect his interest.

Goerl points to two provisions of the agreement of October 19 to refute this conclusion.

Paragraph 5 provides:

It is understood and agreed that GOERL and/or STOCKTONS may pursue their legal rights in respect to the one-third fund in Federal or State Courts. This stipulation in no way shall prejudice the continued rights, if any, of the parties to assert their rights in this action.

This says merely that the parties agree with each other not to forgo any avenues available to them in an effort to assert their rights. But, since the agreement completely protects Goerl's interest, he no longer meets the requirements of Rule 24(a)(2), and intervention as of right is simply not an avenue open to him.

Paragraph 8 states:

It is understood by the parties that the Court has presently taken off calendar the motion filed by GOERL in this action and the Court has agreed to reset the motion upon request of counsel for GOERL. Counsel for GOERL shall request a setting for hearing on said motion, or any other proceeding in respect to GOERL's claim to the tax refund in this action, not later than sixty (60) days from the date of execution of this Stipulation and Order. It is agreed by the parties that the Court may render a decision upon the motion by GOERL in this matter in respect to his claims to one-third (⅓) of the tax refund.

In answer to Goerl's contention, it is sufficient to note that the motion referred to in paragraph 8 is not a motion for leave to intervene, but rather a mo-

tion to effectuate the oral order of November 19, 1971.

Having determined that as a result of the stipulation Goerl's interest would not, as a practical matter, have been adversely affected by enforcement of the judgment in the principal case, we need not decide whether his motion for leave to intervene was timely. Nor need we decide whether as a general proposition an attorney's interest in a fee is a sufficient interest to call for intervention of right under Rule 24(a)(2). *See generally* Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970); United States v. Jacobs, 298 F.2d 469 (4th Cir. 1961); Andrews v. Central Surety Insurance Co., 295 F.Supp. 1223 (D.S.Car.1969).

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

KILKENNY, Circuit Judge (dissenting):

I am unable to recognize a meaningful distinction between the facts in this case and those before the court in Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (CA5 1970), and would affirm on the basis of that authority.