**James KEITH, Plaintiff-Appellee,**

v.

**ST. GEORGE PACKING COMPANY, INC., et al., Defendants,**

**Donald G. Cave, Movant-Appellant.**

No. 86–2182

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1986.

Donald G. Cave, pro se.

Warren L. Eddington, Houston, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

Appellant, Donald Cave, appeals from orders of the district court denying his motion to intervene of right in a lawsuit between James Keith and St. George Packing Co., et al., and his motion for rehearing. We REVERSE.

James Keith allegedly injured his back on September 3, 1984, while working on the M/V JOHN & KOSSIE. On September 7, 1984, Keith entered into a contingent fee contract with Donald Cave, an attorney, pursuant to which Cave would represent Keith's interests with regard to any claims Keith might have arising out of the September 3, 1984 accident. The agreement provided that Cave was entitled to a one-third share of any recovery plus reimbursement for expenses incurred in the prosecution of Keith's claim. The agreement further provided that Keith would not settle the claim unless Cave was present and received his one-third share, and that the claim could not be compromised and settled without the written consent of all the parties.

On December 10, 1984, Keith discharged Cave as his attorney, and retained the services of the Law Offices of Warren L. Eddington. Cave contends the discharge was without cause. On April 12, 1985, Eddington filed suit on Keith's behalf against St. George Packing Co., et al., for the injuries Keith allegedly sustained on September 3, 1984. On November 20, 1985, Cave filed a motion to intervene of

right pursuant to Fed.R.Civ.P. 24(a)(2) in order to protect his rights under the contingent fee contract with Keith. The motion was denied. Cave timely filed a motion for rehearing which was also denied. Cave timely appeals.

> "It is well-settled that to intervene of right [under Fed.R.Civ.P. 24(a)(2)] each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978)), cert. denied 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).

In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir.1970), the appellant, a law firm, entered into a contingent fee contract to represent a plaintiff in a personal injury action. After suit was filed and a considerable amount of time had allegedly been spent working on the case, appellant was discharged and new counsel was employed. Appellant filed a motion to intervene in the district court to protect its interests under the contingent fee contract. The district court denied the motion. This court reversed the judgment of the district court, stating:

> We think it clear that the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc., and it is so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest. Neither of the existing parties is concerned with protecting the appellant's interest.

Id. at 54 (citations omitted). The *Gaines* decision was reaffirmed in *Gilbert v. Johnson*, 601 F.2d 761, 767 (5th Cir.1979),

cert. denied, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).

In the instant case Cave timely applied to intervene in the pending action. Further, like the appellant in *Gaines*, Cave has claimed an interest in the subject of the pending action and is so situated that the final disposition of the case may impair or impede his ability to protect his interest. It is also clear that neither party to the pending action is interested in representing Cave's interests.

 Although *Gaines* may not represent the most persuasive use of Fed.R. Civ.P. 24, it binds us as the law of this Circuit until modified en banc. See *Gilbert*, 601 F.2d at 767–68 (Rubin, J., specially concurring), cert. denied, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). We see no basis upon which to distinguish the instant case from *Gaines*. We find, therefore, that the district court erred in not granting Cave's motion to intervene.

The district court's judgment is REVERSED.