804 F.2d 318
 123 L.R.R.M. (BNA) 3167, 105 Lab.Cas. P 12,141,
6 Fed.R.Serv.3d 846
 ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, Plaintiff-Appellee,
v.
Patt A. GIBBS, Tamara Utens and Martha L. O'Rourke,
Defendants-Appellees,
v.
Linda FINCHER and Ross Montgomery, Movants-Appellants.
 No. 86-1017.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1986.
 
 Alan L. Busch and Eric D. Ryan, Dallas, Tex., for Linda Fincher and Ross Montgomery.
 Victor Theusen, Henning, Walsh & Ritchie, San Francisco, Cal., for Ass'n of Professional Flight Attendants.
 Jerome F. Birn, Jr., Gardere & Wynne, Ronald M. Gaswirth, Dallas, Tex., for Patt Gibbs and Tamara Utens.
 Martha L. O'Rourke, pro se.
 Appeal from the United States District Court for the Northern District of Texas.
 Before CLARK, Chief Judge, WISDOM and HIGGINBOTHAM, Circuit Judges.
 CLARK, Chief Judge:
 
 
 1
 Fincher and Montgomery appeal the district court's denial of their motion to intervene in a suit by the Association of Professional Flight Attendants (APFA) against several of its former officers, Gibbs, Utens and O'Rourke. The motion to intervene that is at issue in this case is part of lengthy and bitter litigation among factions of the APFA. We agree wholeheartedly with the district court that this litigation is detrimental to the union's performance of its representational duties. Unfortunately, we cannot affirm that the end was reached at this juncture. The district court erred in finding the motion to intervene was not timely. We remand to the district court with directions to determine whether the movants have an interest in the litigation that is protectable, whether that interest would be impaired or impeded if the motion to intervene is denied, and whether the intervenors' interest is adequately represented by the parties to the suit.I.
 
 
 2
 Movants Fincher and Montgomery are members of the APFA. They wish to intervene in a suit brought by the APFA against several former officers on charges of conversion of union funds, breach of fiduciary duty and racketeering. Fincher and Montgomery are part of the APFA faction that instituted the suit. After a power struggle resulted in another lawsuit that was settled by arbitration in February 1985, Fincher and Montgomery's faction lost control of the union's board of directors. The facts of this power struggle and resulting suit are reported in Adams-Lundy v. Assoc. of Prof. Flight Attendants, 731 F.2d 1154, 1156 (5th Cir.1984). As a result of the arbitration decision, the officers who were the defendants in this suit regained control of the board. In March 1985 the duly elected board voted to settle the suit by APFA against its former officers, and also settle a suit by those officers against APFA. The Settlement Agreement provided that both suits would be dismissed with prejudice. APFA agreed to pay the costs and legal fees incurred by the individuals who were defendants in the suit brought by APFA and plaintiffs in the suit against APFA. APFA also agreed to indemnify the parties for any claims, costs, damages or attorney's fees incurred if the causes of action were ever reasserted or new claims based on the same events were asserted at a later date. The board also voted to discharge the attorney who had represented APFA in its suit against the former officers.
 
 
 3
 In July 1985 Fincher and Montgomery moved to intervene in the suit by APFA against its former officers. The movants asserted the Settlement Agreement was improper because it was voted upon by board members with a self-interest (members who were defendants in the suit and who would gain from it financially). The movants asserted they have an interest in the claims and in the disbursement of union funds.
 
 
 4
 Two weeks after the motion to intervene was filed, the APFA moved to dismiss its case against the former officers. The district court denied the motion to intervene and granted the motion to dismiss. The district court denied the motion to intervene on the ground that it was untimely because the movants first learned of a possible settlement at a board meeting in March 1984 but did not move to intervene until July 1985.
 
 II.
 
 5
 The district court erred in finding the motion was untimely. To intervene as of right under Federal Rule of Civil Procedure 24(a)(2) four factors must be met:
 
 
 6
 (1) the application must be timely;
 
 
 7
 (2) the applicant must have an interest in the property or transaction that is the subject of the action;
 
 
 8
 (3) disposition of the matter must impair or impede the applicant's ability to protect that interest; and
 
 
 9
 (4) the applicant's interest must not be adequately represented by the parties to the suit.
 
 
 10
 New Orleans Public Service v. United Gas Pipe Line, 732 F.2d 452, 463 (5th Cir.1984).
 
 
 11
 Timeliness must be determined from all the circumstances in the case. Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir.1977). Stallworth established four factors that are relevant to timeliness:
 
 
 12
 (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;
 
 
 13
 (2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;
 
 
 14
 (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and(4) the existence of unusual circumstances militating either for or against a determination that the application is timely.
 
 
 15
 Id. at 264-66. The district court and the parties opposing the intervention placed undue emphasis on the first of the Stallworth factors. The district court stated the movants had notice in March 1984 that their interests could possibly be affected by a settlement of the lawsuit. However, the movants' faction controlled the union's board of directors until the arbitration decision in February 1985. Prior to the arbitration decision a settlement was extremely unlikely. February 1985 is the time when the movants could no longer expect the union to pursue the lawsuit. That is when the timeliness clock began to run for the motion to intervene.
 
 
 16
 Timeliness is not determined solely by the length of time that passes before a motion to intervene is made. The second of the Stallworth factors requires consideration of the prejudice to the existing parties due to the movant's failure to intervene as soon as he knew of his interest in the case. The parties opposing the intervention have failed to show they were prejudiced by the delay from February to July 1985 in filing the motion. The intervention was distressing to them when it was filed, but that is not the issue. The intervention was no more distressing in July than it would have been in February.
 
 
 17
 The Stallworth factors do not indicate the motion was untimely. The crucial issues are whether the movants have a protectable interest in the lawsuit, whether that interest will be impaired or impeded by the Settlement Agreement, and whether the movants' interest is adequately represented by the parties. We remand these issues for determination by the trial court. It may be useful to that court to know that in oral argument before this court, counsel for APFA acknowledged that if the Settlement Agreement is finalized, the defendants would be indemnified by the union. At oral argument counsel for APFA also asserted APFA adequately represents the movants because the union has internal dispute resolution procedures that the movants have not pursued. Neither of these observations are intended to express or intimate any view as to how the trial court should decide the remanded issues.
 
 Conclusion
 
 18
 We reverse the judgment of the district court denying the motion to intervene and granting the motion to dismiss the lawsuit, and remand with directions to conduct further proceedings in accordance with this opinion.
 
 
 19
 REVERSED and REMANDED With Directions.