IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30004
Summary Calendar
_____


ALEX LEE HUBBARD,

                                        Plaintiff-Appellant,

versus

SUB SEA INTERNATIONAL; ET AL.,

                                        Defendants,

versus

ROBERT L. HACKETT,

                                        Movant-Appellant,

versus

DAVID W. OESTREICHER, II,

                                        Movant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 91-CV-4022
- - - - - - - - - -
December 26, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Robert L. Hackett appeals the district court's order

allocating attorney's fees among himself, David W. Oestreicher,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

II, and John Sullivan, and imposing Fed. R. Civ. P. 37 sanctions against Hackett. Hackett argues that the district court abused its discretion in allowing Oestreicher to intervene in the underlying action. The district court did not abuse its discretion in allowing Oestreicher to intervene in the underlying action to protect his interest in the contingency fee contract. See Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 53 (5th Cir. 1970); Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986).

Hackett argues that the district court erred in allocating the attorney's fees in the underlying case between himself, Oestreicher, and Sullivan. Because Hackett did not present any evidence in the district court regarding the percentage of work performed by the attorneys before or after the November 15, 1993, partnership dissolution agreement, the district court did not err in allocating the attorney's fees in accordance with the terms of the dissolution agreement.

Hackett argues that the district court abused its discretion in imposing Fed. R. Civ. P. 37 sanctions against him. Hackett failed to comply with the district court's order to file an accounting of the fees and costs incurred in the instant case even after the magistrate judge allowed him an additional ten days to do so. Therefore, the district court's order imposing Fed. R. Civ. P. 37 sanctions was well within the district court's discretion. See FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir.

1994).

AFFIRMED.