**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-40541
Summary Calendar

LARRY SKINNER,

                                        Plaintiff-Appellee,

VERSUS

WESLACO INDEPENDENT SCHOOL DISTRICT; ET AL,

                                        Defendants,
and

      ROYSTON, RAYZOR, VICKERY & WILLIAMS, Limited Liability
Partnership

                                        Movant-Appellant,

Appeal from the United States District Court
For the Southern District of Texas
(M-97-CV-240)

June 7, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under

This is an appeal from the district court's denial of Appellant Royston, Rayzor, Vickery & Williams, LLP's ("Royston") motion to intervene. The district court denied Royston's motion, finding that the motion was untimely, that Royston had no interest to protect, and that Royston's ability to protect its interest was not impaired. For the reasons that follow, we reverse.

Appellee Larry Skinner filed an employment discrimination suit against the Weslaco Independent School District ("Weslaco") in 1997. Initially, Skinner selected Larry Watts to represent him in this matter. Subsequently, however, Watts withdrew and Skinner retained Royston as substitute counsel. On March 20, 1998, Skinner and Royston entered into a formal contingency fee agreement promising Royston the greater of 40% of the total recovery from the proceeds of any settlement or judgment, or the amount of attorney's fees awarded by the court. This relationship also proved fleeting, and on April 29, 1998, Skinner terminated Royston.

After firing Royston, Skinner retained Glenn Romero. Skinner soon fired Romero and rehired Watts, his original attorney. With the assistance of Watts, Skinner and Weslaco reached a settlement agreement for $75,150. Skinner then terminated Watts, temporarily derailing the settlement. Some time thereafter, Skinner, acting without representation, obtained an identical settlement from Weslaco.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On February 1, 1999, Weslaco filed an advisory with the district court indicating that the parties had reached a settlement agreement and that Skinner was not represented by counsel. One week later, Royston filed a motion to intervene as of right in order to recover attorney's fees for legal work performed on Skinner's behalf.

In order to intervene as a matter of right under Fed R. Civ. P. 24(a)(2), a party must meet "each of the four requirements of the rule." Keith v. St. George Packing Co., Inc., 806 F.2d 525, 526 (5th Cir. 1986). First, the applicant must timely file the application for intervention. Second, the applicant must have an interest relating to the property or transaction which is the subject of the action. Third, the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect the interest. Fourth, the applicant's interest must be inadequately represented by the existing parties to the suit. Id.

In this case, Royston clearly possesses an interest in the subject of the underlying action. As we noted in Valley Ranch Development Co., Ltd v. FDIC, 960 F.2d 550, 556 (5th Cir. 1992), "a discharged lawyer does have an interest [in the underlying litigation] for the purposes of intervention." See also Keith, 806 F.2d at 526; Gaines v. Dixie Carriers, 434 F.2d 52, 54 (5th Cir. 1970). Further, this Court has held that a firm with a contingency

agreement is "so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest."  Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970).  Finally, no one disputes that the parties to the underlying dispute cannot and will not adequately protect Royston's interest.  Only the question of timeliness remains.

This Court has explained that although "[t]imeliness must be determined from all the circumstances in the case," Stallsworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977), four factors should guide courts in their determination:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;
> (2) the extent of the prejudice that the existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;
> (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and
> (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

Association of Professional Flight Attendants v. Gibbs, 804 F.2d 318, 320-21 (5th Cir. 1986), citing Stallworth, 558 F.2d at 263. Of these four "Stallworth" factors, courts should treat prejudice to existing parties as the most important consideration.  See McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970).

In denying Royston's motion, the district court did not

4

consider any of the four elements other than the length of time between the date Royston became aware of its need to intervene and the date of its actual intervention. The court stated simply that "it's been over a year here before you all file your intervention here" and "I've been ready to enter judgment."

Because of the brevity of the district court's findings we must apply a de novo standard of review. Although "normally we review a finding of timeliness under the abuse of discretion standard," we must review de novo "when the district court fails to articulate reasons for its ultimate determination as to timeliness" or fails to analyze the Stallsworth elements. Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir.1996). See also Ceres Gulf v. Cooper, 957 F.2d 1199, 1202 n.8 (5th Cir. 1992)("Normally we review the district court's findings on timeliness under the abuse of discretion standard. Here, however, we can only review *de novo* its ultimate determination, because . . . it did not provide findings on the intervention factors.").

Applying a de novo standard of review, we conclude that the district court erred in concluding that Royston failed to intervene timely. This Court has repeatedly stressed that hardship to existing parties is the most important consideration, see, e.g., Jones v. Caddo Parish School Bd., 735 F.2d 923, 946 (5th Cir. 1984), and that "this may well be the only significant consideration when the proposed intervenor seeks intervention of right." See

McDonald, 430 F.2d at 1073. Skinner has simply failed to demonstrate any hardship other than the fact that Rayzor's intervention may diminish his stake in the settlement. In McDonald, this Court faced a motion to intervene under similar circumstances and concluded that where a party's proposed intervention "was for the limited purpose of staking out a claim to a portion of the proceeds rather than an attempt to litigate any prejudgment issue, we are utterly unable to perceive any way in which any party could have been prejudiced by the timing of the motion." Id. at 1073. As such, Skinner has failed to show that Royston's late intervention would prejudice him in any way.

Royston, on the other hand, will likely suffer prejudice if the district court does not permit him to intervene. If Royston cannot intervene in the instant suit, he will be forced to institute a separate action. This Court has previously found prejudice under almost identical circumstances. See Gaines, 434 F.2d at 54; see also United States v. Eastern Transmission Corp., 923 F.2d 410 (5th Cir. 1991)(noting that prejudice existed in Gaines because "discharged firm would have had to initiate a subsequent action to collect the fees allegedly generated in the existing litigation"). Accordingly, the district court erred in holding that Royston failed to intervene in a timely manner.

For the above reasons, the district court's denial of Appellant's motion to intervene is REVERSED. The case is REMANDED

6

to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.