**Steven M. NEWMAN, D.D.S., Plaintiff,**

v.

**THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, et al., Defendants**

**No. CIV.PJM 01–3393.**

United States District Court, D. Maryland.

Feb. 14, 2002.

John M. Quinn, Cynthia A. Bridgford, Rockville, MD, for Plaintiff.

John Snowden Stanley, Jr., Baltimore, MD, Scott Bertram Elkind, Silver Spring, MD, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MESSITTE, District Judge.

Greenberg & Bederman, LLC (G & B) has filed a Motion for Leave to Intervene in this proceeding. No party has filed an Opposition, but nevertheless the Court will DENY the Motion.

G & B alleges that the Plaintiff in this case, Steven Newman, had a contract with them for legal services in connection with the matter presently before the Court. G & B apparently represented Newman through extended settlement negotiations that did not bear fruit. Thereafter, Newman discharged G & B and chose to pursue the present litigation with different counsel. G & B asserts an attorney's lien on any recovery in this case, and on that basis, seeks to intervene.

G & B cites a number of cases from the U.S. Court of Appeals for the Fifth Circuit for the proposition that a discharged attorney may intervene as of right when he has a lien upon his former client's cause of action. The Court finds none of these cases particularly persuasive. The majority opinion in *Gilbert v. Johnson* merely asserts that the attorney in that case, who had a contingent fee contract, had an interest in the litigation for which protection from the court could be sought by allowing the attorney to intervene. 601 F.2d 761, 767 (5th Cir.1979).

*Gaines v. Dixie Carriers Inc.,* which *Gilbert* cites, is also merely assertive, declaring that a discharged law firm had an interest in the subject matter of the case and that final disposition of the action might, as a practical matter, impair or impede the firm's ability to protect that interest. 434 F.2d 52, 54 (5th Cir.1970). *Keith v. St. George Packing Co., Inc.* followed the *Gaines* rule reluctantly, noting that "[a]lthough *Gaines* may not represent the most persuasive use of Fed. R.Civ.P. 24, it binds us as the law of this Circuit until modified en banc." 806 F.2d 525, 526 (5th Cir.1986).

In contrast, in his concurring opinion in *Gilbert,* Judge Ruben was of the view that, "(w)ere the matter open for consideration," he would "deny lawyers employed on a contingent fee a right to intervene in order to safeguard their fees, at least when they can protect their interest in some other way." 601 F.2d at 767. Judge Ruben pointed out the policy perils associated with allowing intervention:

> If there is an absolute right to intervene, the former lawyer may attempt to assert new issues or indeed to interfere with the management of the lawsuit by his successor as if he were a co-owner of the claim when he only has a contingent fee and should only be entitled to protection with respect to the payment of the amount due him.

*Id.* Judge Ruben expressed concern "lest the practice of intervention permitted to lawyers formerly employed by a litigant unnecessarily adds to the length and complexity of trials." *Id.* at 768.

*Butler, Fitzgerald & Potter v. Sequa Corporation* goes further. 250 F.3d 171 (2nd Cir.2001). There the Second Circuit questioned whether a discharged attorney's intervention into a former client's action even fits within the language of the Federal Rules. Under Rule 24(a), for example, the putative intervenor must claim "an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P. 24(a). But as the Second Circuit observed:

The interest of discharged counsel seemingly is not in the subject of the underlying action, *i.e.,* the contract dispute that precipitated the litigation, but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client.

250 F.3d at 177.

The court also cited certain "policy interests" that are implicated by allowing discharged counsel to intervene in a former client's action as a matter of right. *Id.* Agreeing with Judge Ruben's observation in *Gilbert,* the court pointed out that "an intervenor-counsel might advance arguments either not raised, or even in conflict with those already made, unintentionally undermining the current trial strategy of his former client." *Id.*

The court further noted that while the intervening counsel and the former client might both desire the client's ultimate success, "their cost-benefit calculuses may well diverge." *Id.* at 179:

> The client might, for example, like to forego pecuniary remuneration or equitable relief or other non-monetary compensation, or might simply wish to discontinue litigation in light of ever-mounting inconvenience and expense. Such considerations would be of little relevance to the former counsel, who would wish to press the case to a final judgment of either financial reward or ultimate defeat. These competing concerns might lead to a litigation impasse or to the subjugation of the client's interest to that of the former counsel.

*Id.*

Finally, the court considered the matter of adequacy of representation under Fed. R.Civ.P. 24(a), finding that the former attorney and the client shared an identity of interest in the client's success in the lawsuit, but holding that the prospective intervenor had not demonstrated the inadequacy of present counsel.[1]

The Court finds the policy concerns expressed in *Butler* particularly compelling. Moreover, G & B has made no showing whatsoever with regard to the inadequacy of

---

1. The *Butler* court also found the motion was   untimely, which is not a concern here.

Newman's present counsel nor is it to be supposed that they could do so.

In addition, as Judge Ruben pointed out in *Gilbert,* other means exist for G & B to protect its interest, including seeking recovery *quantum meruit* in a separate proceeding. That would in no way affect their claim of a lien on any judgment Newman might recover. Indeed, there is no reason why notice of G & B's lien could not be served directly on Newman's present counsel, just as medical liens are placed in the hands of attorneys litigating or settling claims.

For these reasons, the Motion of Applicant, Greenberg & Bederman, LLP for Leave of Court to Intervene will be DENIED.