# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-20743

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HAROLD A CHAMBERLAIN

Movant-Appellant

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 4:08-CV-2313

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ira Klein was convicted by a jury of numerous counts of mail and health care fraud and was ordered to pay $11,590,784.95 in restitution. On November 28, 2007, Appellant Harold Chamberlain, as Klein's tax attorney, filed a claim of right with the Internal Revenue Service for a tentative refund of $3,924,690, asserting that Klein's income for three previous tax years should be reduced under 26 U.S.C. § 1341 because of the court-ordered restitution. The terms of Chamberlain's fee agreement with Klein granted Chamberlain a 40% interest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in "any recovery." On June 13, 2008, the IRS issued a tentative refund of $4,070,998 which it deposited in the court's registry in light of the outstanding restitution order. A few weeks later, the Government filed a declaratory judgment action pursuant to 26 U.S.C. § 7405 seeking the return of the erroneous refund. Chamberlain moved to intervene as a matter of right under FED. R. CIV. P. 24(a)(2), seeking to "step into the shoes of [Klein]" to defend the refund because of his contingent interest in any recovery. The Government objected, attaching letters from Klein acknowledging that the refund was improper and objecting to Chamberlain's motion. The district court summarily denied the motion to intervene, and Chamberlain filed this appeal. Soon thereafter, the district court entered an agreed final judgment in which Klein conceded that he was not entitled to the refund and directed that the funds be returned to the Government. Reviewing the denial of intervention *de novo*, *see Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005), we AFFIRM for the following reasons:

1. According to Chamberlain, the district court erred in denying his motion to intervene pursuant to Rule 24(a)(2). To intervene of right based on an interest relating to the property or transaction: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (internal quotation marks and citation omitted). Intervention is subject to prudential limitations that bar an applicant from asserting rights belonging to a third party. *NOPSI*, 732 F.2d at 464. Although Chamberlain possessed a contingent interest in any recovery obtained by Klein

from the Government, *see Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970), Chamberlain's basis for intervention, including his request for declaratory relief, turned solely upon the merits of *Klein*'s entitlement to the refund that Klein himself disavowed. The right to challenge the collection of tax belongs exclusively to Klein, as the taxpayer. *Cf. Jewell v. United States*, 548 F.3d 1168, 1172 (8th Cir. 2008) (taxpayer alone has standing to sue for wrongfully collected tax). Klein elected to relinquish any claim to the funds by entering into an agreed judgment directing their return to the Government.

2. Chamberlain argues that he already has a right to the funds so that he can intervene to assert his own right rather than Klein's. "An attorney's right to compensation pursuant to a contingency fee agreement is a property right determined under applicable state law." *Marré v. United States*, 117 F.3d 297, 307 (5th Cir. 1997). The Texas Supreme Court has followed Section 35(2) of the Restatement (Third) of the Law Governing Lawyers, which says, "Unless the contract construed in the circumstances indicates otherwise, when a lawyer has contracted for a contingent fee, the lawyer is entitled to receive the specified fee only when and to the extent the client receives payment." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 35(2) (2000); *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006) (quoting RESTATEMENT § 35(2)). Moreover, the Texas Supreme Court has also adopted comment d to Section 35, which provides, "'[i]n the absence of prior agreement to the contrary, the amount of the client's recovery is computed net of any offset, such as a recovery by an opposing party on a counterclaim.'" *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 94 (Tex. 2001) (quoting RESTATEMENT § 35(2) cmt. d). There is no language in the contract between Chamberlain and Klein that would clearly override these presumptions. The contract simply assigns Chamberlain 40% of "any recovery." Klein never actually received money from the tentative refund; therefore, there

was no recovery. Absent any recovery to Klein against which Chamberlain may assert his contingent interest, there is no longer a suit in which to intervene. *Compare with Gaines*, 434 F.2d at 54 (holding dismissal of the underlying suit did not preclude intervention because the settlement funds in which the attorney asserted an interest were held in the registry of the court).

AFFIRMED.