JAMES E. GRAVES, JR., Circuit Judge, joined by REAVLEY and ELROD, Circuit Judges, concurring in denial of rehearing en banc: BACKGROUND In this case, the panel merely followed precedent. We faced the issue of whether, following a Rule 41(a)(l)(A)(ii) stipulated dismissal with prejudice by a named plaintiff in a class action, a district court had jurisdiction to entertain a motion to intervene by absent class members seeking to appeal an earlier denial of class certification. See Odle v. Flores, 683 Fed.Appx. 288, 289 (5th Cir. 2017). We held only that the district court had jurisdiction to consider the motion. Id. We did not “express any opinion on whether intervention [was] warranted.” Id. In reaching that conclusion, we followed Sommers v. Bank of America, 835 F.3d 509 (5th Cir. 2016). In Sommers, a shareholder sought to intervene in a lawsuit after entry of a stipulated dismissal. Id. at 511. We affirmed the district court’s denial of the motion to intervene, finding that the motion was untimely. Id. at 513. However, we rejected the argument that “intervention is always improper after a case has been dismissed.” Id. In a substantive footnote, we reconciled that conclusion with earlier Fifth Circuit cases. Id. at 513 n.5. Appellant timely filed a motion for rehearing en banc, which we now deny. DISCUSSION The dissenting opinion criticizes both Odle and Sommers, arguing that they áre contrary to Supreme Court precedent, our prior Fifth Circuit case law, a prominent treatise, and other circuits’ decisions.[1] With respect, the dissenting opinion fails to cite any precedent showing that either Sommers or Odle are error. I. Sommers is not in conflict with any court’s precedent. Sommers only rejected the broad proposition that intervention is always improper after a case has been dismissed. 835 F.3d at 513. The dissenting opinion contends that conclusion “contradicted a long train of authorities that carve out very narrow exceptions to parties’ ability to dismiss cases voluntarily without court approval.” Sommers is not in conflict with any of the dissenting opinion’s cited authority. 1. Sommers does not conflict with Supreme Court precedent. The dissenting opinion claims that Sommers does not follow Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). However, Cooter does not address the issue presented in Sommers. In Cooter, the Supreme Court faced the issue of “whether petitioner’s dismissal of its antitrust complaint [without prejudice] pursuant to [Rule 41(a)(l)(A)(i) ] deprived the District Court of the jurisdiction to award attorney’s-fees.” Id. at 393-94. Cooter has nothing to do, with a court’s jurisdiction to entertain post-dismissal motions to intervene after a stipulated dismissal with prejudice under Rule 41(a)(l)(A)(ii). Nor does it address the unique circumstances presented in a class action lawsuit. Nonetheless, Cooter is cited as “identifying] certain collateral issues that a court may handle following a stipulated dismissal, including Rule 11 sanctions, imposition of costs, attorneys fees and contempt sanctions.” That list, however, must be viewed in light of the facts presented in Cooter. The Supreme Court listed these collateral issues as examples of Rule 11-like issues that do not require a judgment on the merits, and therefore do “not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice.” Cooter, 496 U.S. at 396, 110 S.Ct. 2447. This was of particular importance in Cooter, where the plaintiff exercised its unilateral right to dismiss without prejudice prior to any merits determination. Neither of the plaintiffs in either Sommers or Odle exercised the right found in Rule 41(a)(l)(A)(i). Nor did either dismiss without prejudice. Instead, both dismissed with prejudice under a Rule 41(a)(l)(A)(ii) joint stipulation. Nothing in Cooter suggests that the same importance of the right to unilaterally avoid a merits determination underlies a Rule 41(a)(l)(A)(ii) dismissal with prejudice. Further, nothing indicates that the listed collateral issues are an exhaustive list of issues proper for consideration after such dismissals. Cooter is not controlling on the issue presented. Not only is Cooter not controlling, but Supreme Court precedent indicates that Sommers was rightly decided. In United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 63 L.Ed.2d 423 (1977), the Supreme Court held that a putative class member could appeal the denial of a class certification by intervention, after entry of a judgment in favor of the named plaintiff, but before the statutory time for appeal had run. Id. at 396, 97 S.Ct. 2464. While set in a different procedural posture, McDonald expresses the Court’s concern that putative class members should have a chance to appeal an adverse class determination once it is clear that their interests will no longer be protected by the named plaintiffs. Id. at 392-96, 97 S.Ct. 2464. Three years later, in Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), the Court again recognized “the rights of putative class members as potential interve-nors,” Id. at 331, 100 S.Ct. 1166. Though the Court ultimately determined the narrow issue presented by considering “the private interest of the named plaintiffs,” id. at 332, 100 S.Ct. 1166, the Court noted that “[a] district court’s ruling on the certification issue is often the most significant decision rendered in these class-action proceedings.” Id. at 339, 100 S.Ct. 1166. The Court then expressed concern about defendants attempting to “buy off’ the named plaintiffs, and noted that forcing putative plaintiffs to each bring their own action “obviously would frustrate the objectives of class actions ... [and] invite waste of judicial resources.” Id. Moreover, the Court stated that it “view[s] the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of a final judgment.” Id. at 336, 100 S.Ct. 1166 (emphasis added); see also id. (indicating that an appellate court can review a denial of class certification without “passing on the merits of the substantive controversy”). Sommers is not in conflict with Cooter, and is in fact supported by the Supreme Court’s decisions in McDonald and Roper. 2. Sommers does not conflict with our precedent. The dissenting opinion next asserts that Sommers is contrary to a number of our cases. Again, Sommers is not in conflict with the cited precedent. First, in Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970), this court permitted a law firm to intervene post-dismissal in order to protect an interest in attorneys’ fees. Id. at 54. The dissenting opinion cites Gaines for the proposition that “the case having been dismissed by joint consent, the intervention falls with it.” This quote is taken out of context. In fact, this language is the Gaines court’s framing of the losing argument. Gaines, 434 F.3d at 54. The dissenting opinion further attempts to distinguish Gaines on the grounds that “[disposing of the res was a collateral matter within the understood scope of Rule 41(a).” Even if true, nothing in Gaines supports the broad conclusion that motions to intervene are always improper post-dismissal. Second, in Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001), this court again granted a post-dismissal right to intervene, this time in order to challenge a confidentiality order. Id. at 238. Ford, therefore, shows our court recognizing that intervention can be proper post-dismissal, as recognized in Sommers. See 835 F.3d at 513 n.5. The dissenting opinion distinguishes the holding in Ford by asserting that the challenge to the confidentiality order was a “matter collateral to the merits.” Even if true, nothing in Ford supports the conclusion that Sommers erred in finding that intervention is potentially proper post-dismissal. Third, in SmallBizPros, Inc. v. MacDonald, 618 F.3d 458 (5th Cir. 2010), we held that after a Rule 41 stipulated dismissal a court only maintains jurisdiction to enforce a settlement agreement if the parties “agree to such jurisdiction.” Id. at 463. SmallBizPros had nothing to do with á court’s jurisdiction to hear a post-dismissal motion for intervention. Nonetheless, the dissenting opinion finds it “embarrassing” that our court has not resolved “the intracircuit conflict between SmallBizPros and Sommers,” which the dissenting opinion claims the D.C. Circuit recognized in In re Brewer, 863 F.3d 861 (D.C. Cir. 2017). This is a mischaracterization of the D.C. Circuit’s view of our cases. The D.C. Circuit merely noted that Sommers “criticized” SmallBizPros for “its ‘imprecise language.’ ” Brewer, 863 F.3d at 868-69. Notably, in a concurring opinion in Love v. Wal-Mart Stores, Inc., 865 F.3d 1322 (11th Cir. 2017), Judge Anderson recognized that the principles set out in SmallBizPros, Sommers, and Odle can be reconciled. See id. at 1327 (Anderson, J., concurring) (reconciling nearly identical issues). Fourth,"the dissenting opinion quotes Non Commissioned Officers Ass’n of U.S. v. Army Times Publishing Co., 637 F.2d 372 (5th Cir. Unit A Feb. 1981), for the proposition that after a Rule 41(a)(1) dismissal, “ ‘there is no case in which [the party] can intervene.’ ” However, the cases Army Times relied on to support that overbroad rule only stand for the proposition that a person may not intervene if the original; underlying case was jurisdiction-ally defective. See Army Times, 637 F.2d at 373; Truvillion v. King’s Daughters Hosp., 614 F.2d 520, 526 (5th Cir. 1980) (“There is no right and no obligation to intervene in a [jurisdictionally] defective suit.”); Kendrick v. Kendrick, 16 F.2d 744, 745-46 (5th Cir. 1926) (denying intervention where court did not have jurisdiction over original lawsuit because of lack of indispensable parties). Moreover, Army Times’ broad statement is directly contrary to a prior Fifth Circuit case clearly allowing post-dismissal intervention. See Gaines, 434 F.2d at 54. As the dissenting opinion acknowledges, “under the rule of orderliness, to the extent that a more recent case contradicts an older case, the newer language has no effect.” Arnold v. U.S. Dep’t of Interior, 213 F.3d 193, 196 n.4 (5th Cir. 2000). Fifth, the dissenting opinion relies on Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287 (5th Cir. 2016), for the proposition that post-dismissal a court “lacks jurisdiction over merits issues such as a ‘request for a modification of the original decree.’ ” In Bechuck, we held that a district court lacked jurisdiction to place restrictions on the plaintiffs ability to refile his claim after the plaintiff voluntarily dismissed his case without prejudice. 814 F.3d at 289-90. At issue, like in Cooter, was the plaintiffs right to dismiss his claim without prejudice. Id. at 291-94, 299-300. This concern is absent from either Sommers or Odle. Bechuck is distinguishable. Sommers simply does not misread, and is not in conflict with, our prior law. In fact, nothing in the above cited cases authoritatively suggests the radical rule that intervention is always improper after dismissal. This is all that Sommers rejects. 3. Sommers is not in conflict with our sister courts. The dissenting opinion further argues that Sommers is “out of step” with our sister courts’ precedent. Again, the dissenting opinion fails to cite any case establishing that conflict. In Bond v. Utreras, 585 F.3d 1061 (7th Cir. 2009), the Seventh Circuit reversed a district court’s grant of a post-dismissal motion to intervene on the grounds that the intervenor lacked standing. Id. at 1065. The only mention of the effect of a Rule 41(a)(1) stipulated dismissal is in the court’s conclusion that a “sua sponte post-judgment modification of a protective order does not fall within the court’s ancillary jurisdiction.” Id. at 1078. However, this is not in conflict with Sommers. The Bond court was only making the point that after a stipulated dismissal the district lacked the “inherent power” to amend the confidentiality order “sua sponte.” Id. Nonetheless, Bond suggests that if the intervenor had shown standing, the district court would have had jurisdiction to grant the motion despite the fact that intervention would have “disturb[ed] the final adjudication of the parties’ rights.” See id. at 1070-71. Bond in no way conflicts with Sommers. In Anago Franchising, Inc. v. Shaz, L.L.C., 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit addressed the issue of whether the district court retained jurisdiction to enforce the parties’ settlement agreement. Id. at 1275. Anago is essentially the Eleventh Circuit’s analog to SmallBizPros. As noted above, the concurring opinion in Love recognized that the principles set out in Anago and Sommers are reconcilable. See Love, 865 F.3d at 1327 (Anderson; J., concurring). Even more pertinent to the issue before us—whether this Court should re-hear Odle en banc-Judge Anderson recognized that Anago is distinguishable from the facts presented in Odle because it “lacked the class action context” and did not “concern a motion to intervene for the purpose of appealing an adverse class certification decision.” Id. Anago does not conflict with either Sommers or Odle. Two other cases cited by the dissenting opinion address motions to intervene after the plaintiff voluntarily dismissed their claims pursuant to Rule 41(a)(1)(A)®. See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545 (4th Cir. 1993); United States v. Ford, 650 F.2d 1141, 1142 (9th Cir. 1981). Neither case addresses the issue of a court’s jurisdiction to consider a motion to intervene after a stipulated dismissal with prejudice pursuant to Rule 41(a)(l)(A)(ii). Neither Ford nor Marex are in conflict with Sommers. The final three opinions cited by the dissenting opinion in fact have nothing to do with a motion to intervene at all. See In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 164 (3d Cir. 2008) (considering issue of whether district court had jurisdiction to strike notice of Rule 41(a)(1)(A)® dismissal without prejudice in order to enter order dismissing with prejudice); Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003) (considering issue of whether the filing of a voluntary dismissal under Rule 41(a)(l)(A)(i) immediately began the 30-day window to file a notice of appeal); Smith v. Dowden, 47 F.3d 940, 941 (8th Cir. 1995) (considering issue of “whether a [bankruptcy] creditor who has successfully withdrawn its claim before the trustee has filed an adversarial proceeding has irrevocably waived its Seventh Amendment right to trial by jury”). There is simply no indication that Sommers is out of step with any of our sister courts’ precedent. II. Sister court opinions support Odle’s holding. In fact, contrary to the dissenting opinion’s contention that Odle and Sommers are in conflict with our sister courts, and as the dissenting opinion candidly admits, “[b]oth decisions have been favorably cited in other circuits.” Indeed, a majority opinion from the D.C. Circuit and a concurring opinion from the Eleventh Circuit have reached Odle’s conclusion. In In re Brewer, 863 F.3d 861 (D.C. Cir. 2017), the D.C. Circuit addressed the exact issue presented in Odle, holding that the court had jurisdiction to consider the motion to intervene. Id. at 868-70. The court reached that conclusion by reasoning that “mootness, albeit accelerated by the immediacy of a stipulated dismissal, is what gives a dismissal pursuant to Rule 41(a)(l)(A)(ii) its jurisdictional effect.” Id. at 870. “And if a motion to intervene can survive a case becoming otherwise moot, then so too can a motion to intervene survive a stipulated dismissal.” Id. The Brewer court further noted that permitting courts to consider such motions serves to advance the objectives of class action litigation: [Ijf a stipulated dismissal deprived the court of jurisdiction to hear a motion for intervention filed by absent members of a putative class, then a class action defendant could simply “ ‘buy off the individual private claims of the named plaintiffs” in order to defeat the class litigation, a strategy the Supreme Court has said “would frustrate the objectives of class actions” and “waste ... judicial resources by stimulating successive suits” “contrary to sound judicial administration.” Id. (quoting Roper, 445 U.S. at 338-39, 100 S.Ct. 1166). Subsequently, in Love v. Wal-Mart Stores, Inc., 865 F.3d 1322 (11th Cir. 2017), the Eleventh Circuit faced the same issue presented in Odle and Brewer. Id. at 1324. Ultimately, the Love majority did not reach the issue of whether the district court had jurisdiction to consider the putative class members’ motion to intervene because the court found the notice of appeal untimely and therefore the motion to intervene was moot. Id. at 1324-26. Nonetheless, a concurring opinion stated that “putative class members who move to intervene mid file a [timely] notice of appeal ... from the final judgment effected by a [Rule 41(a)(l)(A)(ii) ] joint stipulation,” would not be “foreclosed from exercising their conditional right to intervene.” Id. at 1326 (Anderson, J, concurring). “This understanding relie[d] upon [Judge Anderson’s] agreement with the holding and rationale of’ Brewer. Id. Moreover, the concurring opinion in Love noted that concluding that a Rule 41(a)(l)(A)(ii) stipulated dismissal jurisdic-tionally barred absent class members from appealing a denial of class certification “would be a matter of significant concern because of the obvious risk of collusion.” Id. at 1328 n.4. The defendant in class action cases has an obvious and strong incentive to insist on a joint stipulation of dismissal that fails to protect the rights of putative class members, thus accomplishing not only a settlement with the named plaintiff, but also—if the conditional rights of putative class members under [United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) ] were eviscerated—effectively ending the often more dangerous class action. Similarly, the settling named plaintiff may have no incentive to protect the rights of putative class members. Indeed, elimination of the class action can serve as leverage for the named plaintiff to exact a more favorable settlement for its own benefit. Id. Accordingly, the only sister court majority to address the issue in Odle has determined that such a rule is sound and in fact supported by Supreme Court precedent. See Brewer, 863 F.3d at 870 (quoting Roper, 445 U.S. at 338-39, 100 S.Ct. 1166). A concurring judge on the Eleventh Circuit has likewise reached the same conclusion. See Love, 865 F.3d at 1328 n.4 (citing McDonald, 432 U.S. at 385, 97 S.Ct. 2464). CONCLUSION Neither Sommers nor Odle is in conflict with any authority from either the Supreme Court, our own court, or our sister courts. To the contrary, overruling Odle and Sommers would create a circuit split on the issue presented. I respectfully decline the dissenting opinion’s invitation to do so and concur in the court’s denial of en banc review. . The dissenting opinion additionally asserts that Odle and Sommers are contrary to Rule 23(e), which states that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.” Fed. R. Civ. P. 23(e). Here, no party has challenged the named plaintiffs’ ability to settle their claims without court approval. The only issue is whether the district court had jurisdiction to consider the motion to intervene post-dismissal. Rule 23(e) is simply inapplicable to the issue before us.