# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2016

Lyle W. Cayce
Clerk

RON SOMMERS, Chapter 7 Trustee
   of Exquisite Designs by Castlerock & Company,

                                        Plaintiff–Appellee,

versus

BANK OF AMERICA, N.A.,

                                        Defendant–Appellee,

versus

BRAD JONES,

                                        Movant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Brad Jones appeals, *pro se,* the denial of his motion to intervene in a lawsuit between the Chapter 7 Trustee of Exquisite Designs by Castlerock & Company ("Exquisite Designs") and Bank of America, N.A. ("Bank of America"). He also appeals the order granting the stipulation of dismissal with

No. 15-20775

prejudice filed by those parties.  We affirm.

I.

Jones is the sole shareholder of Exquisite Designs, a company that filed for Chapter 11 bankruptcy in 2009 and 2012.  In 2014, the second bankruptcy case was converted to a Chapter 7 proceeding, and Ron Sommers was appointed Trustee.

On November 3, 2014, the Trustee sued Bank of America in state court. After removal to federal court, the parties proceeded to mediation.  On November 2, 2015, they filed a stipulation of dismissal.  The next day, the district court signed an order, entered November 4, granting the stipulation.

On November 18, Jones moved to intervene.  On December 1, the district court denied the motion without a hearing or offering findings or conclusions. Jones filed his notice of appeal on December 30.

II.

We begin by considering appellate jurisdiction.  We conclude that we have jurisdiction, but limited to one issue.

A.

Jones appeals both the denial of his motion to intervene and the order granting the stipulation of dismissal.  His notice of appeal is untimely as to the latter.  With exceptions not applicable here, Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal "be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  The requirement "is not jurisdictional but is a 'prerequisite to the exercise of [subject matter] jurisdiction.'"[1]  Because the notice of appeal was filed well over thirty

_____

[1] *United States v. Burns*, 668 F.2d 855, 858 (5th Cir. 1982) (quoting *Sanchez v. Bd. of*

## No. 15-20775

days after the order granting the stipulation of dismissal, we have no jurisdiction to review that order even though the appellant's objections go to the district court's jurisdiction.[2]

### B.

In the district court, Jones moved for both intervention as of right and permissive intervention. Under our precedents, "[t]he denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291," but "we have only provisional jurisdiction" to review the denial of permissive intervention. *Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). "If the district court's denial of permissive intervention does not constitute an abuse of discretion, we must dismiss the appeal for lack of jurisdiction." *Id.*

For purposes of the instant appeal, however, we may ignore the distinction between absolute and provisional jurisdiction. Because Jones's initial brief on appeal advances no argument as to why the district court erred in denying permissive intervention, that issue has been waived. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009). We thus consider only the denial of intervention as of right, which we review *de novo*. *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (citing *Edwards*, 78 F.3d at 995).

### III.

The Federal Rules of Civil Procedure specify two situations in which a person is permitted to intervene as of right: first, when a federal statute grants "an unconditional right to intervene," FED. R. CIV. P. 24(a)(1); and second,

---

*Regents of Tex. S. Univ.*, 625 F.2d 521, 522 n.1 (5th Cir. 1980)).

[2] *See* THOMAS E. BAKER, A PRIMER ON THE JURISDICTION OF THE U.S. COURTS OF APPEALS 22 (2d ed. 2009) ("[B]ecause a timely appeal is a procedural prerequisite, a court of appeals may not consider an untimely appeal, even if the appeal only involves a challenge to the subject-matter jurisdiction of the district court.").

when a person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," FED. R. CIV. P. 24(a)(2). Jones has asserted no federal statute giving him "an unconditional right to intervene,"[3] so at issue is only whether he can intervene as of right under Rule 24(a)(2).

There is a four-prong test for intervention as of right under Rule 24(a)(2):

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas,* 805 F.3d at 657 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). In evaluating timeliness, a district court should consider four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). We generally review for abuse of discretion a district court's determination regarding the timeliness of intervention. *Id.*

---

[3] Although Jones moved to intervene under Rule 24(a)(1), neither his motion in the district court nor his briefs on appeal identify any federal statute granting him an unconditional right to intervene.

No. 15-20775

But where, as here, "the district court failed to make any findings regarding its timeliness conclusion," our review is *de novo.* *Id.*

Under these tests, the district court rightly denied intervention, because Jones's motion was untimely. First, he knew of his alleged interest in the case long before he filed his motion. Although he claims that he "could not have been aware that his interests would be adversely affected until the case was dismissed," that is not the relevant inquiry. What matters is not when he knew or should have known that his interests would be adversely affected but, instead, when he knew that he had an interest in the case.

Second, affirming the denial of intervention would not prejudice Jones. As a private agreement, the mediated settlement binds only its parties. It cannot affect any claims that Jones possesses in his personal capacity, nor does the agreement purport to do so.[4]

Finally, also weighing against a finding of timeliness is the fact that Jones waited until after the court had already dismissed the case with prejudice before seeking to intervene. Though the appellees are incorrect in suggesting that intervention is always improper after a case has been dismissed, they are accurate in asserting that it is a factor weighing against timeliness.[5]

---

[4] Jones claims that the release provision of the mediated settlement agreement could be interpreted as taking away his right to litigate against Bank of America in the future. But he is mistaken. His interpretation rests on a misreading of "Sommers' Release." He takes the pronoun "its" in the definition of the releasors to refer to Exquisite Designs and/or the loans at issue in this litigation. But the pronoun in fact refers to Sommers, the Trustee. Jones also expresses concern at language in the release concerning "any past, present, or future person or any entity that held or holds any interest in the Loan(s), and the underlying Note, Deed of Trust and/or Mortgage." That language, however, occurs in the definition of the releasees. Far from causing Jones injury, then, that language in fact confers on him a benefit: In consenting to this language, the Trustee has agreed not to sue Jones for conduct relating to the loans.

[5] In *Ford*, 242 F.3d at 239, we found intervention as of right appropriate, even though the appellant did not file its motion for intervention until after the district court had entered

No. 15-20775

IV.

In addition to maintaining that he can intervene as of right, Jones advances arguments regarding the mediated settlement agreement and the merits of the Trustee's suit. Those issues are outside the scope of the notice of appeal, so we do not consider them. Because Jones is proceeding *pro se*, however, we note that insofar as he is trying to attack the bankruptcy court's approval of the agreement, he has chosen the wrong forum. This suit is an adversary proceeding independent of the bankruptcy-court proceedings. The district court never approved the agreement, so Jones would be unable to attack it in the instant suit even if we permitted him to intervene.

AFFIRMED.

---

an agreed order of dismissal. This case is materially indistinguishable.

    In support of the position that intervention after dismissal is always improper, the Trustee points to various cases in which we have stated that "[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction." *Non Commissioned Officers Ass'n of U.S. v. Army Times Pub. Co.*, 637 F.2d 372, 373 (5th Cir. Unit A Feb. 1981) (per curiam). The Trustee misreads those decisions, which stand merely for the proposition that a person may not intervene as of right in a "jurisdictionally or procedurally defective" suit. *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 526 (5th Cir. 1980). Our caselaw does not forbid intervention as of right in a jurisdictionally and procedurally proper suit that has been dismissed voluntarily.

    In *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458 (5th Cir. 2010), we held that a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) deprives the district court of jurisdiction *to enforce the terms of a settlement agreement* unless the stipulation expressly provides for the retention of ancillary jurisdiction. The decision does not stand for the proposition that a voluntary stipulation of dismissal deprives the district court of jurisdiction from later making any decision whatsoever with regard to the case, some imprecise language in the opinion notwithstanding. Bank of America is thus mistaken when it asserts that "the District Court was powerless to do anything but adopt the Joint Stipulation of Dismissal, enter the Order of Dismissal . . . , and deny the Motion to Intervene by Jones sixteen days after the District Court lost jurisdiction."