# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

No. 16-10347

STEPHANIE ODLE, on behalf of herself and all others similarly situated, et al;

       Plaintiffs

WAL-MART STORES, INCORPORATED,

       Defendant - Appellee

v.

ORALIA FLORES; ROSIE LUJAN; ALICE BISCARDI; DEBBIE HAYWORTH; BRENDA HENDERSON; LINDA MCFADDEN; MARGARITA MURILLO; SANDRA PHELAN, on behalf of themselves and others similarly situated,

       Movants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2954

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is a case involving would-be plaintiff–intervenors who filed their motion to intervene after the district court had already entered a Rule 41(a)(1) stipulated dismissal of the plaintiffs' claims.  The district court believed it lacked jurisdiction to consider the motion.  It did not have the benefit of *Sommers v. Bank of American, N.A.*, decided a few months later, which rejected the "suggest[ion] that intervention is always improper after a case has been dismissed."  835 F.3d 509, 513 (5th Cir. 2016).  *Sommers* controls.  The district court has jurisdiction to consider the would-be intervenors' motion.  *See id.* at 513 & n.5; *see also Ford v. City of Huntsville*, 242 F.3d 235, 238–40 (5th Cir. 2001).

In a Rule 28(j) letter, appellee Wal-Mart Stores, Inc. ("Wal-Mart") asserts that *Sommers* is contrary to prior opinions of this Court and must be disregarded under the rule of orderliness.  *See Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000) ("[U]nder the rule of orderliness, to the extent that a more recent case contradicts an older case, the newer language has no effect.").  But *Sommers* reconciled those supposedly problematic cases, *see* 835 F.3d at 513 n.5, and Wal-Mart's arguments amount to a request that we second-guess *Sommers*.  *That* the rule of orderliness prohibits.

Other cases cited by Wal-Mart but not mentioned by *Sommers* do not alter our conclusion.  Wal-Mart cites *Gaines v. Dixie Carriers, Inc.,* for the proposition that "when a case is dismissed by joint consent the intervention falls with it."  There, we noted that "Appellee's brief suggests that the case having been dismissed by joint consent the intervention falls with it," but we rejected the contention.  *Gaines*, 434 F.2d 52, 54 (5th Cir. 1970).  *Meinecke v. H & R Block of Houston,* 66 F.3d 77 (5th Cir. 1995) (per curiam), *United States v. Kellogg (In re West Texas Marketing Corp.*), 12 F.3d 497, 501 (5th Cir.1994), and *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976), have nothing to do with

intervention or the particular jurisdictional question here presented and are not inconsistent with *Sommers*.

According to Wal-Mart, *Sommers* also indicates that the would-be intervenors' motion is untimely. This is consistent with its merits brief, which flagged but reserved arguments that the would-be intervenors have simply failed to comply with Rule 24 and, specifically, "cannot satisfy" its "timeliness requirement." According to Wal-Mart, if jurisdiction is found to exist, we should remand for consideration of Rule 24's basic requirements.

We agree. On appeal, the would-be intervenors have argued that the district court previously erred by dismissing the original plaintiffs' class claims as untimely based on its determination that equitable tolling of the statute of limitations under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), is improper in a subsequent class action. But making this argument is the would-be intervenors' very object, their self-declared "purpose" of intervening. We will not skip ahead to answer the merits question while the would-be intervenors' status is in doubt. Nor do we express any opinion on whether intervention is warranted.

We VACATE the district court's order denying intervention on jurisdictional grounds and REMAND for further proceedings. The motion for leave to intervene should be considered under Rule 24.