GINSBURG, Circuit Judge:
In Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), the Supreme Court reversed the certification of a nationwide class of female Wal-Mart employees claiming gender discrimination. Thereafter, the unnamed plaintiffs in Dukes filed new actions seeking certifications of regional classes. The Appellants, a group of would-be class members of one of these regional class actions, appeal the district court’s dismissal of the class claims and the denial of the Appellants’ motion to intervene. We hold that the appeal from the order dismissing the class claims was untimely filed, and is therefore jurisdictionally barred, and the appeal from the order denying the Appellants’ motion to intervene is moot.
I. Background
In 2011, the Supreme Court reviewed the certification of a putative class action of “one and a half million ... current and former female employees” of Wal-Mart. Dukes, 564 U.S. at 342, 131 S.Ct. 2541. The plaintiffs had alleged gender discrimination in promotions and wages, in violation of Title VII of the Civil Rights Act of 1964. Id. at 343, 131 S.Ct. 2541. Holding the would-be class action did not meet the commonality requirement of Federal Rule of Civil Procedure 23, the Supreme Court reversed the certification. Id. at 349-60, 131 S.Ct. 2541.
Members of the putative Dukes class then filed various regional class actions, including the action at issue here. Love v. Wal-Mart Stores, Inc., No. 12-61959-CIV, 2013 WL 5434565, at *1 (S.D. Fla. Sept. 23, 2013). The Love plaintiffs sought to represent former and current female employees of Wal-Mart in the southeastern United States. Id. The Dukes would-be class members were able to file a new action because the Dukes litigation tolled the statute of limitations to file their discrimination claims with the Equal Employment Opportunity Commission, which filing is required prior to filing a suit in federal court. Id. In the Eleventh Circuit, however, this tolling is limited to individual, not class, claims: “[T]he pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original class.” Id. at *2 (quoting Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994)). Therefore, the district court held it was bound by precedent to dismiss the *1324 class claims, but not the individual claims, as untimely. Id. at *2-*3. .
On October 16, 2015, after settling their individual claims with Wal-Mart, the named plaintiffs and Wal-Mart filed a “stipulation of voluntary dismissal,” with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(l)(A)(ii). On October 23, the district court entered an order stating “[t]he parties have dismissed this case” pursuant to FRCP 41, and denying “[a]ll pending motions ... as moot.” On November 6, the Appellants, unnamed members of the would-be class, filed a “motion for leave to intervene” solely “so that they may appeal” the order dismissing the class claims. On November 19, the district court held the stipulated dismissal stripped it of jurisdiction to hear the motion to intervene and therefore denied the motion. Later the same day, the Appellants filed their notice of appeal of both (1) the order denying the motion to intervene and (2) the order dismissing the class claims.
II. Analysis
Before addressing the present appeal, we are met with Wal-Mart’s motion to dismiss it as untimely filed, and the Appellants’ opposition thereto. We take up that issue first because, if Wal-Mart is correct, then we are without jurisdiction to hear the appeal. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 E.Ed.2d 210 (1998).
Wal-Mart’s argument is that the present appeal is untimely because it was filed more than 30 days after .the stipulated dismissal, contra the deadline to file an appeal specified in Federal Rule of Appellate Procedure 4. The Appellants, for their part, contend the stipulated dismissal filed on October 16 begins the countdown only with respect to any appeal filed by a named plaintiff who settled with Wal-Mart via the stipulated dismissal: “Had one of the individual plaintiffs who was party to the stipulation of dismissal wished to appeal denial of class certification despite the resolution of her individual claims, ... the time to appeal would have run from the entry of the stipulation.” According to the Appellants, the clock for their appeal did not begin to run until the district court entered its order of October 23.
The question presented is whether a stipulated dismissal begins the 30-day countdown of Rule 4. Answering it requires us to analyze the interaction between Rule 4 and FRCP 41.
With certain exceptions inapplicable here, Rule 4 provides: “In a civil case ... the notice of appeal ... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.” Because this time limit is “mandatory and jurisdictional,” Bowles v. Russell, 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), we must decide which “judgment or order” began the countdown for the Appellants’ appeal. The “judgment or order appealed from” under Rule 4 must be one that is “final” because ordinarily an appellate court has jurisdiction to hear appeals only from a “final decision[ ] of the district court[].” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (quoting 28 U.S.C. § 1291). Finality, in' turn, depends upon the interpretation of FRCP 41, which governs the dismissal of civil cases and provides for two relevant types of “Voluntary Dismissal”: (1) “By the Plaintiff’ per 41(a)(1)(A), “without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared,” 41(a)(l)(A)(ii), and (2) per 41(a)(2) “By Court Order.”
The Appellants’ position that there are different “final” decisions for the parties and for the would-be intervenors is untenable. Generally, there cannot be two *1325 final orders in a single case because a final order “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Risjord, 449 U.S. at 373, 101 S.Ct. 669 (1981) (citation omitted). Here, the stipulated dismissal resolved all of the claims of all the parties to the case at that time, which did not include the would-be intervenors. Therefore, a later order purporting to dismiss the case would be shooting a dead horse. Indeed the district court did not need to file the October 23 order for the stipulated dismissal of October 16 to be effective and hence final. Because FRCP 41(a)(l)(A)(ii) specifies the plaintiff can by stipulation dismiss an action “without a court order,” the “plain language of Rule 41 (a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective,” i.e., “upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence.” Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012).[1] There was no condition subsequent in this stipulation. Therefore, the stipulated dismissal is, pursuant to FRAP 4, “the judgment or order appealed from” with regard to the dismissal of the class claims. Accord State Nat’l Ins., 824 F.3d at 406-07 & n.18 (holding an appeal is timely only if filed within 30 days of the filing of a stipulated dismissal).
The Appellants’ attempt to distinguish Anago and State National on the ground that “neither case involved a class action or considered the rights of absent class members,” is unconvincing because FRAP 4 does not include an exception for class actions or absent class members. A plaintiffs ability to dismiss her case without a court order under FRCP 41(a)(1)(A) is not unlimited and, as relevant here, is “[s]ub-ject to Rule[ ] 23(e),” which provides “[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court’s approval.” That the Congress included in FRCP 41(a)(1)(A) an exception for a certified class makes the absence of an exception for an uncertified class all the more telling.
Contrary to the Appellants’ contention, neither United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) nor Smith v. Bayer Corp., 564 U.S. 299, 131 S.Ct. 2368, 180 L.Ed.2d 341 (2011), is informative about the interaction of a FRCP 41(a)(1) dismissal and the 30-day deadline of FRAP 4. The McDonald Court held intervention by putative class members after final judgment was timely for purposes of Rule 24 (Intervention), not Rule 4. Because the appeal from the denial of the motion to intervene was filed in that case within 30 days of the final order, the Court did not consider whether the absent class members could have appealed after 30 days had passed. McDonald, 97 S.Ct. at 2467. The Appellants rely upon Smith for the broad proposition that “absent class members of an uncertified class are not bound by actions of the named plaintiffs,” but the Smith Court, in deciding the pre-clusive effect of prior litigation under the Anti-Injunction Act, 28 U.S.C. § 2283, actually held rather narrowly that the plaintiff seeking class certification in a state court was not bound by a federal court’s earlier denial of class certification to another plaintiff pursuing a similar class. Bayer Corp., 131 S.Ct. at 2379. Even the Court’s broadest observation that a “court’s judgment binds only the parties to a suit” tells us nothing about whether a *1326 stipulated dismissal starts the 30-day clock in FRAP 4. Id.
Put simply, here the Appellants filed their appeal of the order dismissing the class claims 34 days after the date of “the judgment or order appealed from.” Because the timeliness of an appeal is a jurisdictional prerequisite to our review, we must dismiss the appeal of the order dismissing the class claims for lack of jurisdiction.[2]
In contrast, the notice of appeal of the November 19 order denying their motion to intervene was timely; indeed, the Appellants filed that appeal later the same day the order was issued. Nonetheless, because the Appellants sought to intervene only in order to appeal the order of the district court “dismissing Plaintiffs’ class claims,” their appeal of the order denying intervention must be denied as moot. Florida Ass’n of Rehab. Facilities, Inc. v. State of Fla. Dep’t of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (“When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed”).
III. Conclusion
For the reasons set forth above, the appeal of the order dismissing the class claims and the appeal of the order denying intervention are DISMISSED for lack of jurisdiction.

. The Appellants suggest FRCP 58 requires that the final order be a separate document from the stipulated dismissal but that is simply inconsistent with the self-executing nature of a stipulated dismissal. See State Nat’l Ins. Co. v. Cty. of Camden, 824 F.3d 399, 406-07 (3d Cir. 2016).

. Because we conclude the would-be class members did not file their appeal in a timely manner, we do not address the question whether a stipulated dismissal strips the district court of jurisdiction to hear a motion to intervene. The only courts to have addressed that question have held the district court may grant post-dismissal motions to intervene by would-be class members. See In re Brewer, No. 15-8009, 863 F.3d 861, 2017 WL 3091563 (D.C. Cir. July 21, 2017) (holding intervention after stipulated dismissal is permissible and no different from intervention allowed after the court-ordered dismissal in McDonald); Odle v. Wal-Mart Stores, Inc., No. 16-10347, 683 Fed.Appx. 288, 2017 WL 1163339 (5th Cir. Mar. 27, 2017) (same).