# United States Court of Appeals for the Fifth Circuit

No. 23-10111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2024

Lyle W. Cayce
Clerk

Albert G. Hill, III, *individually, and as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually, As a beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate, and derivatively on Behalf of the Haroldson*,

*Plaintiff—Appellee*,

*versus*

William Schilling, *individually and in his capacity as a member of the Advisory Board MHTE and a member of the Advisory Board of the HHTE*; Ivan Irwin, Jr.; Alinda H. Wikert; Lyda Hill; Heather V. Washburne; Elisa M. Summers; William Herbert Hunt, *in his capacity as the personal representative of the estate of Tom Hunt*; Brett Ringle, *Individually and in his capacity as a member of the Advisory Board of the MHTE*; John W. Creecy, *Individually and in his capacity as Trustee of* the HHTE; Margaret Keliher, *Individually and in her capacity as Trustee of the MHTE and a member of the Advisory Board of the HHTE*; Margaret Keliher, *Temporary Administrator of* the Estate of Albert G. Hill, Jr.,

*Defendants—Appellees*,

*versus*

Marco Antonio Montemayor, Esq.; Kenneth Robert Stewart, Jr., *also known as* Kenneth R. Stewart, Jr.,

*Movants—Appellants*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-2020

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Kenneth Robert Stewart, Jr., and Marco Antonio Montemayor appeal from the denial of their motion to intervene. The district court determined that the appellants were not entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) because their request to intervene was not timely made. The district court likewise reasoned that the appellants did not show that they were entitled to permissive intervention.

The appellants have not addressed any of the district court's reasons for denying their motion to intervene. Therefore, the judgment of the district court is AFFIRMED. *See Sommers v. Bank of America, NA*, 835 F.3d 509, 512-14 (5th Cir. 2016); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The motion to vacate the judgment of the district court and the motion to expedite are DENIED. The appellants are WARNED that the filing of frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and limits on their ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.